[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case concerns the dissolution of the parties' marriage which was entered into on May 23, 1986.
This marriage represented the third for each of the parties.
The marriage was troubled from its commencement, resulting in periodic separations, counseling and reunifications. The parties have continuously lived separate and apart since January, 1993. The litigation has been extended by the plaintiff for the express purpose of qualifying for social security benefits from the defendant's employment; based on a ten year marriage. The parties have actually lived together as a married couple for less than seven years.
The court does not differentiate between the parties as to a fault component for the dissolution. Plaintiff's allegations of physical domestic dispute were not credible. Plaintiff's allegations of infidelity were unsubstantiated.
The defendant enjoys good health. The plaintiff's health was the subject of considerable evidence and dispute at trial. The court finds that the plaintiff has chronic neck and back pain, depression, minor vision impairment, and additional minor medical problems aggravated by situational stress. The plaintiff is not disabled from employment.
The defendant is a Certified Public Accountant and successful business executive, with an earning capacity in excess of $150,000 annually.
The defendant has the opportunity to increase his income and continue to acquire capital assets. CT Page 5252-I
The plaintiff has an earning capacity based on her past sales and business experience of $25,000. The plaintiff has the opportunity to preserve and supplement her capital assets.
The plaintiff suffered a work related back injury in 1986; and has devoted her efforts over the following years to the pursuit of a workers' compensation claim, an employment discrimination claim and this litigation.
The plaintiff did make a substantial contribution (approximately $125,000) to the acquisition of the marital home but has not otherwise substantially contributed to the appreciation of the parties' assets during the course of the marriage and during the period of separation since January, 1993. Plaintiff's erratic behavior has substantially interfered with defendant's employment and has caused him to leave his position at Gerber Scientific.
In dividing the assets of the parties, the court is recognizing the plaintiff's initial contribution by awarding her the marital home. The court finds the fair market value of such asset to be $230,000 less mortgages and taxes in the amount of approximately $120,000. The plaintiff is also awarded her IRA ($33,547); her Honda and Bronco automobiles ($22,500); Worker's Compensation award escrow ($16,825); special computer ($13,500); and one-half the value of the Florida property ($42,000). The plaintiff is also credited with the $20,000 litigation proceeds which she gave to her daughter.
The defendant is awarded his condominium home purchased during the separation, with an equity value of $34,000. Defendant is also awarded his Gerber Scientific Pension ($70,000); the Doms R. and Ohio Edison stock ($12,000); Mercedes automobile ($10,000); Gerber Scientific stock ($45,000); Prudential Securities ($68,000); Wells Fargo 401K ($121,000); and one-half the Florida property $42,000). This distribution recognizes defendant's contribution of a substantially greater amount of assets at the commencement of the marriage and his much greater contribution to the acquisition of assets.
The Florida property is to be listed for sale at a price suggested by the listing agent; and the proceeds equally distributed.
The defendant has been paying alimony for more than three CT Page 5252-J years while the plaintiff has intentionally protracted this litigation. The plaintiff also grossly misrepresented the status of her employment litigation when seeking and obtaining a pendente lite alimony increase. In addition, the plaintiff has repeatedly misrepresented facts concerning assets. In order to afford the plaintiff a limited period of additional time in which to regain employment, the court will award alimony for a three-year period. The defendant will pay the plaintiff alimony of $500 per week for three years. Such order shall be non-modifiable as to its term. The alimony is modifiable during its term only upon the plaintiff's remarriage or death. The plaintiff's failure to secure employment, or the defendant's increase in employment income should not be grounds for modification of alimony.
Counsel fees are not awarded to either party; as the sale of the Florida property provides the parties ample funds from which their attorneys can be compensated.
The plaintiff will assume liability for the mortgage on the 35 Scully Road property. The defendant will quitclaim his interest on such property to the plaintiff within 30 days of this judgment.
Defendant will pay one-half of outstanding property taxes (including penalties and interest) on the Scully Road property within thirty days of this judgment.
Plaintiff will hold defendant harmless regarding the mortgage and taxes on the Scully Road property.
The parties will assume and hold each other harmless as to their liabilities listed on their respective financial affidavits.
The defendant will facilitate maintaining the plaintiff on his medical insurance coverage for a period of 36 months pursuant to COBRA. The cost of such coverage shall be equally shared by the parties. The defendant may deduct plaintiff's share of such costs from his alimony payments.
The marriage has irretrievably broken down. The marriage is dissolved.
McWeeny, J. CT Page 5252-K